Dear Judge Bouillion:
This office is in receipt of your request for an opinion from the Attorney General concerning the propriety of assessing a three dollar ( $3.00) filing fee surcharge on eviction suits filed in the City Court of Lafayette. Specifically, you asked our office to confirm whether eviction proceedings can be deemed "civil" in nature within the meaning of LA.REV.STAT. § 13:1911, thus allowing the Clerk for the City Court of Lafayette to assess the aforementioned three dollar ($3.00) filing fee surcharge. The Attorney General's confirmation (of that characterization) is presented as follows.
LA.REV.STAT. § 13:1911 provides for the establishment and funding of local legal assistance programs by city courts throughout Louisiana:
 A. The judges of the city courts, by court rule, may establish a legal assistance program to provide fiscal support for qualified pro bono projects of local bar associations within the jurisdiction of their courts. For purposes of this Section, a qualified pro bono project means a program or project that is designed to provide free legal services for the poor in civil and family matters and that is qualified as a nonprofit organization pursuant to Section 501(c)(3) of the Internal Revenue Code. A court electing to establish a legal assistance program shall provide by rule the means to assure that persons served by a qualified pro bono project are determined to be financially unable to afford the services of legal counsel, either in advance or as costs of such services might accrue.
 B. In cities in which the judges of the city court have elected to establish a legal assistance program, the clerk of court shall add to the initial cost of docketing each civil suit the sum of three dollars. The court by rule shall designate an account for the deposit of such funds. *Page 2 
 C. The court shall apportion the funds collected pursuant to Subsection B of this Section among the qualified pro bono projects in the jurisdiction of the city court on an annual basis. The apportionment shall be based upon an application process that assures that each qualified pro bono project receives a percentage of the funds approximating the percentage of legal services provided by that project out of the total legal services provided to all qualified pro bono projects within the jurisdiction of the court. The court shall provide by rule for the submission by officials of each recipient pro bono project of such reports and audits as the court deems necessary.
 D. The clerk of each court shall retain five percent of all fees collected pursuant to this Section to be used to offset expenses incurred in collection and administration of these funds.[1]
For purposes of this Opinion, our office assumes the two (2) organizations identified in your request as being providers of pro bono
legal services in Lafayette comply with the requirements enumerated in LA.REV.STAT. § 13:1911(A).[2] That having been said, LA.REV.STAT. §13:1911(B) appears to legislatively mandate the Clerk for the City Court of Lafayette add three dollars ($3.00) to the initial cost of docketing each civil suit filed in the City Court of Lafayette. LA.REV.STAT. §13:1911(C) then provides how the funds collected under LA.REV.STAT. §13:1911(B) are to be apportioned. Finally, LA.REV.STAT. § 13:1911(D) ensures the Clerk for the City Court of Lafayette is entitled to an offset for the expenses incurred in the collection and administration of fees collected pursuant to LA.REV.STAT. § 13:1911.
The question which then arises is whether or not eviction suits filed in the City Court of Lafayette are considered "civil" in nature so as to trigger the imposition and collection of the aforementioned three dollar ($3.00) fee. The answer to that question is "yes". *Page 3 
The manner in which evictions take place and the process by which they are adjudicated are found in Articles 4701 — 4735 of the Louisiana Code of Civil Procedure ("Civil" being the operative term).[3]
Simultaneously, the jurisdiction afforded city courts throughout Louisiana, and the City Court of Lafayette in particular, is delineated at LA. CODE CIV. PROC. art. 4843.[4] Article 4843 pertinently provides:
 A. Except as otherwise provided for in this Article, the civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed fifteen thousand dollars.
 **********
 C. In the City Court of Bossier, the City Court of Lafayette, the City Court of Ville Platte, and any city court in which the population of the territorial jurisdiction is less than fifty thousand, the civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed fifteen thousand dollars.[5]
Accordingly, the civil jurisdiction of the City Court of Lafayette is concurrent with the district court in cases where the amount in dispute or the value of the property involved does not exceed fifteen thousand dollars ($15,000.00). LA. CODE CIV. PROC. art. 4844 then specifies a city court has jurisdiction (concurrent with that of the district courts) over "suits by owners and landlords for the possession of leased premises", otherwise known as eviction suits.[6] It is axiomatic then that the City Court of Lafayette has jurisdiction over eviction suits and they are civil in nature.
Based upon the foregoing, it is the opinion of this office that the eviction suits filed in the City Court of Lafayette are "civil" in nature within the meaning of LA.REV.STAT. § 13:1911. Consequently, the Clerk for the City Court of Lafayette may impose a three dollar ($3.00) fee surcharge to the initial cost of docketing each and all eviction suits filed in the City Court of Lafayette. Those fees, minus the expense offset articulated in LA.REV.STAT. § 13:1911(D), may then be earmarked and ultimately go towards funding the operations of the Louisiana Parish Bar Foundation and the Acadiana Legal Services Corporation based upon an apportionment consistent with LA.REV.STAT. § 13:1911(C). *Page 4 
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 ________________
 DAVID A. YOUNG
 Assistant Attorney General
 JDC:DAY
[1] LA.REV.STAT. § 13:1911.
[2] The Louisiana Parish Bar Foundation and the Acadiana Legal Services Corporation were identified as being providers of pro bono
legal services in Lafayette, Louisiana.
[3] LA. CODE CIV. PROC. arts. 4701 — 4735.
[4] See LA. CODE CIV. PROC. art. 4843(C).
[5] Id.
[6] See LA. CODE CIV. PROC. art. 4844, which is identified as "Article4844. Amount in dispute; eviction proceedings". (emphasis added)